UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Estela Mulugeta, | Case No. 19-cv-2648 (SRN/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Aetna Insurance Company, | |
| Defendant. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff Estela Mulugeta's Complaint, [Docket No. 1], as well as, her Application to Proceed in District Court Without Prepaying Fees or Costs. [Docket No. 2].

Plaintiff seeks $10,243 in compensation from defendant Aetna Insurance Company for costs incurred undergoing in vitro fertilization treatment. Because it is apparent from the complaint that the Court lacks jurisdiction over this lawsuit, it is recommended that this matter be dismissed without prejudice.

Under Rule 8(a)(1) of the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction . . . ." "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). It is the plaintiff who has the affirmative obligation to plead the basis for the Court's subject-matter jurisdiction. See, Fed. R. Civ. P. 8(a)(1).

Generally speaking, a federal court may acquire original subject-matter jurisdiction over a matter in either of two ways. First, the Court has subject-matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States," or stated otherwise, matters

that present a federal question of law. 28 U.S.C. § 1331. Second, the Court has subject-matter jurisdiction over actions in which the parties are of diverse citizenship and in which the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332(a).

Despite this obligation, Mulugeta has not indicated why she believes that this Court has jurisdiction over this matter. (See, Compl. [Docket No. 1]). The section of her form Complaint reserved for the issue of jurisdiction has been left blank. (See, Id.).

If the mistake were merely a pleading deficiency, this Court would afford Mulugeta an opportunity to file an amended complaint correcting the problem. However, the Complaint itself makes evident that this Court lacks subject-matter jurisdiction over this matter. The sole claim in the Complaint relates to a dispute over the terms of an insurance contract — a matter of state law, not federal law. The citizenship of the parties has not been alleged by Mulugeta, (See, Compl., [Docket No. 1], at 3), but even assuming that the parties are of diverse citizenship, Mulugeta seeks only $10,243 in compensation (the amount that she alleges is owed to her under the insurance contract). This is far less than the amount in controversy required by § 1332(a). Put simply, this lawsuit belongs in state court, not federal court.

Accordingly, this Court recommends that this matter be **DISMISSED without prejudice** for lack of subject-matter jurisdiction. Because this matter cannot go forward, it is further recommended that Mulugeta's application to proceed in forma pauperis, [Docket No. 2], be **DENIED as moot**.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED without prejudice** for lack of subject-matter jurisdiction; and

2. Plaintiff Estela Mulugeta's application to proceed in forma pauperis, [Docket No. 2], be **DENIED as moot**.


Dated: December 3, 2019					s/Leo I. Brisbois
							Hon. Leo I. Brisbois
							United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).